IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TRAVIS BRUCE, | * | |
| PLAINTIFF, *pro se*, | * | |
| v. | * | Civil Action No. RDB-21-0745 |
| STONEMOR PARTNERS L.P., | * | |
| | * | |
| DEFENDANT. | | |

* * * * * * * * * * * * *

## **MEMORANDUM OPINION**

Plaintiff Travis Bruce ("Plaintiff" or "Bruce"), proceeding *pro se*, brings this action against his former employer, Defendant Stonemor Partners L.P. ("Defendant" or "Stonemor"), alleging that Defendant discriminated against him, subjected him to a hostile workplace environment based on his sex and retaliated against him for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.* Presently pending is Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 11). The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons that follow, Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 11) is GRANTED.

## **BACKGROUND**

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). Plaintiff Bruce alleges that, in October of 2019, he

began his employment with Defendant as a sales associate at Cedar Hill Cemetery.[1] (Compl. at 6, ECF No. 1; Dec. 21, 2020 EEOC Charge, ECF No. 16-1.[2]) Bruce alleges that, on or about November 1, 2019, the Sales Director, Shante Brown, who was also his supervisor, subjected Bruce to sexual harassment "in the form of sexual advances," followed by her "repeatedly asking, 'are you gay?'" when Bruce rejected her advances, which Bruce found offensive as a closeted gay man. (*Id.*) Bruce asserts that he filed a sexual harassment complaint against Ms. Brown with the General Manager, Joyce Dolan. (*Id.*) He alleges that the harassment stopped until Ms. Dolan resigned.[3] (*Id.*) After Ms. Dolan's resignation, Bruce alleges that the "advancements and harassment continued," and that Ms. Brown made jokes about his sexuality in front of other staff. (*Id.*) On or about November 14, 2019, Ms. Brown "made another advancement towards [him] in [his] office." (Compl. at 6, ECF No. 1.) Bruce alleges he subsequently contacted Human Resources about the incident. (*Id.*)

On or about December 16, 2019, Bruce was suspended for "allegedly violating a policy and procedure regarding customer payments." (Dec. 21, 2020 EEOC Charge, ECF No. 16-1.) Bruce alleges he was ultimately discharged on December 20, 2019 for the same reason but that "[n]o reasonable explanation was provided for [Defendant's] other actions." (*Id.*) Bruce further alleges that, on or about December 27, 2019, he was subject to retaliatory harassment when Malcom Moore, the Assistant Manager, "prepared a letter accusing [Bruce] of fabricating

---

[1] The parties do not provide any information on the nature of Defendant Stonemor Partner L.P.'s business and how it relates to Cedar Hill Cemetery, but both parties appear to agree that Stonemor was Plaintiff's employer.

[2] Defendant has provided both of Bruce's EEOC charges, the first filed on November 25, 2020 and the second on December 21, 2020, both of which the Court may consider as integral to the Complaint. *See Goines v. Calley Cmty. Servs. Bd.*, 822 F.3d 159, 166-67 (4th Cir. 2016) (citing Sec'y *of State for Defence v. Trimble Nav. Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007)).

[3] There is no indication of when Ms. Dolan resigned or for how long a period the harassment stopped.

[his] harassment claims and sent it around to staff to sign in an effort to keep Ms. Brown from being discharged." (*Id.*) Bruce alleges that Ms. Brown was ultimately terminated after a Human Resources investigation. (Compl. at 6, ECF No. 1.)

On November 25, 2020, more than eleven months after his discharge on December 20, 2019, Bruce filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging sex-based discrimination and retaliation against Defendant, citing Ms. Brown's alleged harassment. (Nov. 25, 2020 EEOC Charge, ECF No. 16-2.) On December 21, 2020, Bruce filed another EEOC Charge that makes the same allegations and provides some additional relevant information. (Dec. 21, 2020 EEOC Charge, ECF No. 16-1.) The same day, the EEOC closed Plaintiff's file, finding that Plaintiff's charge was not timely filed with the EEOC, and issued him a Right to Sue letter. (Right to Sue Letter, ECF No. 4.) On March 24, 2021, Plaintiff filed the present action against Defendant. (Compl., ECF No. 1.) On May 18, 2021, Defendant filed the presently pending Motion to Dismiss. (ECF No. 11.)

## STANDARD OF REVIEW

This Court is mindful of its obligation to liberally construe the pleadings of pro se litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim, *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990), or "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). In making this determination, this Court "must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint

3

liberally." *White v. White*, 886 F. 2d 721, 722-23 (4th Cir. 1989).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). While a complaint need not include "detailed factual allegations," it must set forth "enough factual matter [taken as true] to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff cannot rely on bald accusations or mere speculation. *Twombly*, 550 U.S. at 555.

In reviewing a Rule 12(b)(6) motion, a court "'must accept as true all of the factual allegations contained in the complaint' and must '"draw all reasonable inferences [from those facts] in favor of the plaintiff."'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Hall v. DirectTV*, LLC, 846 F.3d 757, 765 (4th Cir. 2017). A court, however, is not required to accept legal conclusions drawn from those facts. *Iqbal*, 556 U.S. at 678. "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to

4

reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

While ruling on a motion to dismiss, a court's evaluation is generally limited to allegations contained in the complaint. *Goines v. Calley Cmty. Servs. Bd.*, 822 F.3d 159, 166-67 (4th Cir. 2016). However, courts may also consider documents explicitly incorporated into the complaint by reference. *Id.* at 166 (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). In addition, a court may "consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Id.* (citing *Sec'y of State for Defence v. Trimble Nav. Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007)). A document is "integral" when "its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F.Supp.2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis omitted). Considering such documents does not convert a motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015).

## ANALYSIS

Defendant argues that Plaintiff's Complaint must be dismissed because he failed to file his EEOC Charge within the required 300 days of the alleged discrimination, retaliation, or hostile work environment and because he has failed to adequately plead these claims for relief under Title VII. As Bruce has failed to establish extraordinary circumstances warranting equitable tolling in this case and has failed to satisfy the administrative exhaustion requirements, his Complaint is DISMISSED WITH PREJUDICE.

5

## I. Timeliness

Defendant argues that Plaintiff has failed to exhaust his administrative remedies because he failed to file his EEOC charge within 300 days of the last alleged discrete discriminatory or retaliatory act, which was December 27, 2019. To assert a Title VII claim in federal court, a plaintiff must first exhaust his administrative remedies. *See Fort Bend Cty. v. Davis*, 139 S. Ct. 1843, 1851 (2019); *McCray v. Md. Dep't of Transp.*, 662 F. App'x 221, 224 (4th Cir. 2016). To exhaust, a plaintiff must file a "charge" of discrimination with the EEOC or an appropriate state or local agency within 180 days of when "the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1); *Williams v. Giant Food Inc.*, 370 F.3d 423, 428 (4th Cir. 2004). However, Maryland is a deferral state,[4] therefore, a claim must instead be filed no more than 300 days after the alleged unlawful employment practice. *See Garnes v. Maryland*, No. RDB-17-1430, 2018 WL 276425, at *4 n.8 (D. Md. Jan. 3, 2018); *see also Valderrama v. Honeywell Tech. Sols., Inc.*, 473 F. Supp. 2d 658, 662 n.4 (D. Md. 2007), *aff'd*, 267 F. App'x 256 (4th Cir. 2008).

The Supreme Court recently held that a plaintiff's failure to exhaust administrative remedies does not divest the court of jurisdiction. *Fort Bend Cty. v. Davis*, 139 S. Ct. 1843, 1846 (2019). Rather, exhaustion is a "claim-processing rule," and it is "'mandatory' in the sense that a court must enforce the rule if a party 'properly raises it.'" *Id.* (quoting *Eberhart v. United States*, 546 U.S. 12, 19 (2005) (per curiam)). Although a defendant may waive arguments related to

---

[4] A deferral state is one with "a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof." 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(2). Maryland is classified as a deferral state due to the Maryland Commission on Human Relations, a state agency that is capable of providing relief from discrimination.

administration exhaustion, if the defendant asserts objections in a timely fashion such arguments may warrant dismissal under Rule 12(b)(6). *See Kenion v. Skanska USA Bldg., Inc.*, No. RDB-18-334, 2019 WL 4393296, at *4 (D. Md. Sept. 13, 2019) (discussing the import of *Davis*).

Here, Plaintiff filed his first EEOC charge on November 25, 2020, more than 300 days after the last alleged discrete discriminatory or retaliatory act. (Nov. 25, 2020 EEOC Charge, ECF No. 16-2.) The EEOC then closed Plaintiff's file for failure to file his charge within the 300-day period. Defendant argues that this Court should deem Plaintiff's claims time-barred because of his 34-day delay in filing his charge. For his part, Plaintiff asserts that the delay in filing was due to the COVID-19 Pandemic. (Pl.'s Opp'n, ECF No. 19.)

Although not raised by either party, the EEOC's 300-day filing requirement may be subject to equitable tolling. *See English v. Pabst Brewing Co.*, 828 F.2d 1047, 1049 (4th Cir. 1987) (citing *Vance v. Whirlpool Corp.*, 716 F.2d 1010, 1011-12 (4th Cir. 1983) ("Because the [300]-day period is akin to a statute of limitations, rather than a jurisdictional prerequisite to filing suit, a plaintiff can obtain relief from it under the doctrines of equitable tolling and equitable estoppel."). The doctrine of equitable tolling applies in "those rare instances when—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Akakpo v. HSBC Bank USA, N.A.,* No. PX-16-1082, 2017 WL 1048256, at *3 (D. Md. Mar. 20, 2017) (quoting *Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001)).

While the circumstances created by the COVID-19 Pandemic may constitute such "rare instances" that warrant equitable tolling, as recently noted by Judge Hollander in *Kumar*

7

*v. First Abu Dhabi Bank USA N.V.*, that in no way vitiates Plaintiff's failure in this case to file his EEOC charge within 300 days. *See* Civil Action No. ELH-20-1497, 2020 WL 6703002, at *6 (D. Md. Nov. 13, 2020) (applying equitable tolling where a plaintiff failed to file suit in this Court within the requisite 90 days after receiving a notice of right to sue letter, asserting the delay was due to the COVID-19 Pandemic). Here, Plaintiff asserts that a "backlog" at the EEOC prevented him from filing his charge on time. However, the record reveals that the EEOC received and processed his written November 25, 2020 charge that Plaintiff faxed the same day, and the EEOC issued a decision on December 21, 2020. (*See*; Nov. 25, 2020 EEOC Charge, ECF No. 16-2; Dec. 21, 2020 EEOC Charge, ECF No. 16-1; Right to Sue Letter, ECF No. 4.) Accordingly, Plaintiff has failed to establish extraordinary circumstances warranting equitable tolling in this case. As a result, Plaintiff has failed to satisfy the administrative exhaustion requirements and his Complaint must be dismissed with prejudice for this failure.

## II. Title VII Claims

Alternatively, even if Plaintiff had exhausted his administrative remedies, his Complaint must be dismissed for failure to state a claim. Bruce alleges that Defendant discriminated against him, subjected him to a hostile workplace environment, and retaliated against him based on his sex in violation of Title VII. of the Civil Rights Act of 1964. However, even a liberal construction of Plaintiff's Complaint does not salvage his claims. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**A. Discriminatory Termination**

As the United States Court of Appeals for the Fourth Circuit explained in *Swaso v. Onslow Cty. Bd. of Educ.*, 698 F. App'x 745 (4th Cir. 2017), a plaintiff may establish discrimination under Title VII by showing direct or circumstantial evidence that the plaintiff's status in a protected class was a motivating factor in an adverse employment action, or by relying on the burden shifting scheme established by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Swaso*, 698 F. App'x. at 747 (citing *Holland v. Wash. Homes, Inc.*, 487 F.3d 208, 213–14 (4th Cir. 2007)).

Where, as here, the record contains no direct evidence of discrimination, a plaintiff's claims must be analyzed under the burden-shifting scheme established in *McDonnell Douglas*. *See Hawkins v. Pepsico, Inc.*, 203 F.3d 274, 281 (4th Cir. 2000). Under this framework, the plaintiff must first make out a *prima facie* case of discrimination by showing that: (1) he is a member of a protected class; (2) his job performance was satisfactory; (3) he was subjected to an adverse employment action; and (4) "the adverse employment action occurred 'under circumstances giving rise to an inference of unlawful discrimination' [which can be] met if 'similarly-situated employees outside the protected class received more favorable treatment.'" *Swaso*, 698 F. App'x. at 747 quoting *Adams v. Trs. of Univ. of N.C.-Wilmington*, 640 F.3d 550, 558 (4th Cir. 2011); *White v. BFI Waste Servs., LLC*, 375 F.3d 288, 295 (4th Cir. 2004)). Once a plaintiff establishes a *prima facie* case, the burden shifts to the defendant to produce evidence that the adverse employment action was taken "for a legitimate, nondiscriminatory reason." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 142 (2000). Then, the plaintiff is "afforded the opportunity to prove by a preponderance of the evidence that the legitimate

9

reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Id.* (quoting *Tex. Dept. Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)).

Bruce has failed to plead a *prima facie* case of discrimination. Defendant does not dispute that Bruce, a "closeted gay man," is a member of a protected class and that he was subjected to an adverse employment action when he was terminated. However, Bruce has not pled facts reflecting that he was performing satisfactorily at the time of his termination. In his EEOC charge, Bruce confirms that he was suspended on December 16, 2019 and terminated on December 20, 2019 for "allegedly violating a policy and procedure regarding customer payments." (Dec. 21, 2020 EEOC Charge, ECF No. 16-1.)

While Bruce asserts that "[n]o reasonable explanation was provided for [Defendant's] other actions," his own factual allegations reveal that his supervisors did not believe that Bruce was performing his job satisfactorily. As explained by the Fourth Circuit in *Evans v. Technologies Applications & Service Co.*, "[i]t is the perception of the decision maker which is relevant," not the self-assessment of the plaintiff. 80 F.3d. 954, 960–61 (4th Cir. 1996) (quoting *Smith v. Flax*, 618 F.2d 1062, 1067 (4th Cir. 1980)).

Bruce also fails to identify different treatment of similarly situated employees outside of his protected class. To be similarly situated, an employee must have "engaged in the same conduct without . . . mitigating circumstances that would distinguish [his] conduct or the employer's treatment of [him] for it." *Heyward v. Monroe*, 166 F.3d 332 (4th Cir. 1998) (table opinion) (quoting *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir. 1982)). Although the Fourth Circuit has stated that "the comparison [between offenses] will never involve precisely the same set of work-related offenses occurring over the same period of time and under the

same sets of circumstances," *Cook v. CSZ Transp. Corp.*, 988 F.2d 507, 511 (4th Cir. 1993), "the similarity between comparators and the seriousness of their respective offenses must be clearly established in order to be meaningful." *Lightner v. City of Wilmington*, 545 F.3d 260, 265 (4th Cir. 2008). In fact, Bruce alleges that Ms. Brown was also ultimately terminated after a Human Resources investigation. (Compl. at 6, ECF No. 1.)

In sum, Bruce cannot assert any plausible discriminatory termination claim as there are no allegations that the decision to terminate his employment was based on his sex or sexual orientation, beyond his own conclusory determinations. Such conclusory allegations of racial discrimination are not enough to survive a motion to dismiss. *See Eastern Shore Markets, Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) (citations omitted) (when considering a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments."). Accordingly, Bruce's claim for discriminatory termination must be dismissed.

**B. Hostile Work Environment**

To establish a *prima facie* case for a hostile work environment, a plaintiff must demonstrate that: "(1) the harassment was unwelcome; (2) the harassment was based on his [sex;] (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and (4) there is some basis for imposing liability on the employer." *Causey v. Balog*, 162 F.3d 795, 801 (4th Cir. 1998). In weighing whether conduct was sufficiently "severe or pervasive," courts consider the following factors: (1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is physically threatening or humiliating, or a mere offensive utterance; and (4) whether it unreasonably

interferes with an employee's work performance. *Harris v. Forklift Sys.*, 510 U.S. 17, 23, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993).

The Fourth Circuit has set a "high bar in order to satisfy the severe or pervasive test." *EEOC v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315 (4th Cir. 2008). The Fourth Circuit has recognized that,

> [w]orkplaces are not always harmonious locales, and even incidents that would objectively give rise to bruised or wounded feelings will not on that account satisfy the severe or pervasive standard. Some rolling with the punches is a fact of workplace life. Thus, complaints premised on nothing more than "rude treatment by [coworkers]," "callous behavior by [one's] superiors," or "a routine difference of opinion and personality conflict with [one's] supervisor," are not actionable under Title VII.

*Id.* at 315-16 (quoting *Baqir v. Principi*, 434 F.3d 733, 747 (4th Cir. 2006); *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003); *Hawkins v. PepsiCo, Inc.*, 203 F.3d 274, 276 (4th Cir. 2000)).

Bruce's factual allegations are insufficient to "raise a right to relief above the speculative level." *McLeary-Evans v. Maryland Dept. of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (quoting *Twombly*, 550 U.S. at 555). Bruce alleges that his supervisor made sexual advances which he rejected, followed by her repeatedly asking him, "Are you gay?" (Compl., ECF No. 1; Dec. 21, 2020 EEOC Charge, ECF No. 16-1.) While this allegation establishes that Bruce subjectively perceived his work environment as hostile, Bruce does not describe harassment that the Fourth Circuit has found to be severe or pervasive enough to plausibly allege an objectively hostile work environment. *See, e.g., Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 184 (4th Cir. 2001) (hostile work environment where African-American plaintiff continuously exposed to racist comments about African Americans by his supervisor,

12

including the use of the n-word); *EEOC v. Central Wholesalers, Inc.*, 573 F.3d 167, 175 (4th Cir. 2009) (hostile work environment claim survived where African-American plaintiff's co-workers had "mop-head dolls in their offices … hanging from nooses" and used the n-word in plaintiff's presence daily); *Amirmokri v. Balt. Gas & Elec. Co.*, 60 F.3d 1126, 1131 (4th Cir. 1995) (hostile work environment where Iranian plaintiff called "local terrorist" on daily basis). Plaintiff's allegation does not provide any details about the sexual advances or the frequency with which they occurred. Accordingly, Bruce's hostile work environment claim will be dismissed.

**C. Retaliation**

The elements of a retaliation claim are: "(1) engagement in a protected activity; (2) adverse employment action; and (3) a causal link between the protected activity and the employment action." *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (citing *Mackey v. Shalala*, 360 F.3d 463, 469 (4th Cir. 2004)). A protected activity may fall into two categories, opposition and participation. 42 U.S.C. § 2000e-3(a). The participation clause protects an employee from retaliation where he "has made a charge, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing" under Title VII. *Id.* As for the opposition clause, the Fourth Circuit has held that "protected oppositional activities may include 'staging informal protests and voicing one's own opinions in order to bring attention to an employer's discriminatory activities,' as well as 'complaints … about suspected violations.'" *EEOC v. Navy Fed. Credit Union*, 424 F.3d 397, 406 (4th Cir. 2005) (quoting *Bryant v. Aiken Reg'l Med. Ctrs.*, 333 F.3d 536, 543-55 (4th Cir. 2003)).

While Bruce sufficiently alleges both protected activity by his contacting Human Resources and an adverse employment action by his termination, his Complaint does not sufficiently allege a causal link between the two. This Court has held that an inference of a causal connection exists where the adverse action occurs "shortly after learning of the protected activity." *Cepada v. Bd. of Educ. of Baltimore County*, 814 F. Supp. 2d 500, 515 (D. Md. 2011). Such presence of a "close" temporal relationship between the protected activity and the alleged adverse action *can* be sufficient to establish a causal connection at the pleading stage. *See Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001) (holding that alleged "temporal proximity" must be "very close" to satisfy this third element). However, the Fourth Circuit has not set forth a specific timeframe for what constitutes "very close." *Pascaul v. Lowe's Home Centers, Inc.*, 193 Fed. App'x 229, 233 (4th Cir. 2006). Here, Bruce has not alleged that, but for his complaint to Human Resources, he would have retained his job. Instead, Bruce alleges that he was suspended and terminated for "allegedly violating a policy and procedure regarding customer payments." (Dec. 21, 2020 EEOC Charge, ECF No. 16-1.) Despite the temporal proximity of the protected activity and the adverse employment action, Bruce has alleged that the cause of his termination was *not* because of his report to Human Resources but because he allegedly violated a company policy and procedure. As a result, his retaliation claim will also be dismissed.

In sum, Plaintiff's Complaint shall be dismissed with prejudice for failure to timely file his EEOC charge, and, alternatively, his Complaint is dismissed for failure to state a claim for relief.[5]

**CONCLUSION**

For the reasons stated above, Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 11) is GRANTED. Plaintiff's Complaint is DISMISSED WITH PREJUDUCE for Plaintiff's failure to timely file his EEOC charge.

A separate Order follows.

Dated: July 14, 2021

                                                  _____/s/_____
                                                  Richard D. Bennett
                                                  United States District Judge

---

[5] While this Court would ordinarily grant Plaintiff leave to amend, Plaintiff's failure to timely file his EEOC charge renders any amendment futile. *See Harvey v. CNN*, Civil Action No. RDB-20-3068, 2021 WL 615138 (D. Md. Feb. 17, 2021).